

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                                    *412/644-3500*


February 20, 2007


Stanton Levenson, Esquire
Gulf Tower
707 Grant Street, Suite 1715
Pittsburgh, PA  15219

Re:  United States of America v.
     Spares Global, Inc.
     Criminal No. 07-160

Dear Mr. Levenson:

This letter sets forth the agreement by which your client, Spares Global, Inc., will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Spares Global, Inc. and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Spares Global, Inc. will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

   A.   The defendant, Spares Global, Inc., agrees to the following:

         1.   It will waive Indictment and enter a plea of guilty to Count One of the Information at Criminal No. 07-160, charging it with violating 18 U.S.C. § 371,

LIMITED OFFICIAL USE

Court Exhibit #2

   pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A draft copy of the Information is attached hereto as Exhibit A.

2. At the time Spares Global, Inc. enters its plea of guilty, it will deposit a special assessment of $400.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

3. Spares Global, Inc. waives the right to take a direct appeal from its conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Spares Global, Inc. may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Spares Global, Inc. may take a direct appeal from the sentence.

    Spares Global, Inc. further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking its conviction or sentence, and the right to file any other collateral proceeding attacking its conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Spares Global, Inc. in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

      2. Prior to sentencing, the United States Attorney will, orally or in writing, recommend that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 2 levels for acceptance of responsibility on the ground that Spares Global, Inc. timely manifested acceptance of responsibility.

      3. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Spares Global, Inc. and the United States Attorney further understand and agree to the following:

      1. The penalty that may be imposed upon Spares Global, Inc. is:

        (a) A fine of $500,000;

        (b) A term of probation of not less than one year and not more than five years; and

        (c) A special assessment under 18 U.S.C. §3013 of $400.

      2. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Spares Global, Inc. acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. §3611 *et seq*.

      3. This agreement does not preclude the government from pursuing any civil or administrative remedies against Spares Global, Inc. or its property.

This letter sets forth the full and complete terms and conditions of the agreement between Spares Global, Inc. and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Stanton D. Levenson, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
SPARES GLOBAL, INC.
OM SHARMA PRESIDENT

_____FEB 27, 2007_____
Date

Witnessed by:

_____
STANTON D. LEVENSON, ESQUIRE
Counsel for Spares Global, Inc.